# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEOVEGILDO MARCELINO ZACARIAS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-06-1411-F |
| ) | |
| ATTORNEY GENERAL, *et al.*, ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time the Petition was filed, Petitioner was in the custody of the Immigration and Customs Enforcement ("ICE") and challenged his continued detention at the Oklahoma County Detention Center. On March 19, 2007, Respondents filed a Motion to Dismiss [Doc. #23] on the ground of mootness. Respondents state that Petitioner is no longer in ICE custody and has voluntarily departed from the United States to Mozambique. To date, Petitioner has not responded to the Motion nor sought an extension of time in which to respond.

The matter had been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that Petitioner's action be dismissed.

**Relevant Facts/ Case Background**

At the time the Petition was filed, on December 21, 2006, Petitioner was in ICE custody and had been detained at the Oklahoma County Detention Center. Petitioner alleges he is a native and citizen of Mozambique.

ICE instituted removal proceedings against Petitioner pursuant to section 237(a)(1)(C)(I) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1227(a)(1)(C)(I), for failure to comply with the conditions of the nonimmigrant status under which he was admitted to the United States.  *See* Respondents' Motion to Dismiss, Exhibit 1, Notice to Appear.  Petitioner alleges that he has been detained by ICE since October 27, 2006, due to his failure to attend school.  In the Petition, Petitioner claims his continued detention is unlawful and requests that he be released from ICE custody.

The record before the Court shows that at a removal hearing on December 26, 2006, Petitioner appeared before an immigration judge and conceded removability.  *See* Motion to Dismiss, Exhibit 2, Order of the Immigration Judge.  Petitioner was required to depart from the United States at his own expense on or before January 25, 2007, extended to February 7, 2007.  *See id*., Exhibit 3, Notice of Action – Voluntary Departure.  Petitioner voluntarily departed from the United States on January 31, 2007 and returned to Mozambique.  *See id*.  Therefore, Petitioner is no longer in Respondents' custody.

## Discussion

"Article III of the United States Constitution only extends federal judicial power to cases or controversies."  *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000).  "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ."  *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998).  To satisfy the case or controversy requirement, the petitioner must have suffered or be threatened with an actual

injury traceable to the respondents and likely to be redressed by a favorable judicial decision. *Id*.

A writ of habeas corpus may be granted pursuant to § 2241 only if the petitioner is "in custody." 28 U.S.C. § 2241(c). A habeas corpus petition is not moot, however, merely because the petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner's release from custody and voluntary departure from the United States renders his habeas petition moot. Because he is no longer in ICE custody, the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. *See Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (habeas petition filed by non-criminal alien challenging his continued INS detention pending removal from the United States was rendered moot by his supervised release from detention). *See also Sule v. Immigration & Naturalization Serv.*, No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999) (unpublished op.) (petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention). In addition, Petitioner does not allege any exceptions to the mootness doctrine so as to require the Court to undertake review of those exceptions. Therefore, the action no longer presents a case or controversy subject to this Court's jurisdiction and should be dismissed as moot.

## RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss [Doc. #23] be granted and that Petitioner's action be dismissed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by May   22nd  , 2007. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this case.

ENTERED this   2nd   day of May, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE